**Rafael E. MOLINA, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, a corporation, Appellee.**

**Rafael E. MOLINA, Appellee,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, a corporation, Appellant.**

Nos. 77–1026, 77–1027.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 13, 1977.

Decided May 1, 1978.

John F. Wood, Jr. Huntington, W. Va. (James D. McQueen, Jr., Wood, Grimm, McQueen & Delp, Hungtington, W. Va., on brief), for Molina.

W. Henry Jernigan, Jr., Charleston, W. Va. (Edward W. Rugeley, Jr., Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief), for U.S. Fire Ins. Co.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

Dr. Rafael Molina, a West Virginia physician, filed this action in the district court seeking a declaration of the rights and obligations of United States Fire Insurance Company (U. S. Fire) under two insurance policies issued to Molina. The district court held in favor of U. S. Fire and Molina has appealed.[1]

The insurance policies in question were issued on August 29, 1969, and August 29, 1972, respectively, and among other things, insured Dr. Molina against losses resulting from damages imposed upon him based upon claims for malpractice. The policies, commonly referred to as "catastrophe liability policies," were designed to provide supplemental protection for Dr. Molina in the event he incurred liability for damages in an amount exceeding the coverage provided by his primary insurer. Under the terms of the policies, Dr. Molina was required to maintain collectible underlying or primary insurance against malpractice claims in an amount of not less than $100,000.00 per claim.

As required by the U. S. Fire policies, Dr. Molina obtained the underlying or primary liability insurance through policies issued by Professional Insurance Company of New York (Professional). On April 15, 1974, the Superintendent of Insurance of the State of New York took possession of all of the property of Professional for purposes of liquidation, and Dr. Molina was notified of such action. On May 9, 1974, a malpractice suit was filed against Molina for alleged acts of professional negligence which had occurred during the period covered by the U. S. Fire and Professional policies. A second malpractice suit was filed against Molina on April 10, 1975, also alleging acts of negligence which had occurred during the effective period of the policies in question. In each instance, Molina notified U. S. Fire of the malpractice action and the insolvency of Professional, and requested that it defend the actions. U. S. Fire declined to provide such defense and thereafter the present action was filed.

Upon cross-motions for summary judgment, the district court denied the plain-

1. In No. 77–1027 U. S. Fire has filed a protective cross-appeal upon the grounds that the district court erroneously declined to grant summary judgment upon the basis that Molina had breached an express warranty of his policies of insurance. Since we conclude that the district court properly granted summary judgment in favor of U. S. Fire based upon the clear and unambiguous language of the policies, we do not reach the breach of warranty issue. Accordingly, the appeal in No. 77–1027 is dismissed.

tiff's motion and granted the motion of U. S. Fire, holding that it was not obligated to provide Molina a defense, nor was it obligated to pay any sums recovered against him which were not in excess of the underlying insurance coverage of $100,000.00. The district court further held that U. S. Fire was not required to reimburse Molina for his costs, expenses or attorneys' fees incurred in the defense of the civil actions pending against him, and would not be so obligated unless any judgment rendered in the respective actions exceeded the amount of $100,000.00. In such event, the court held that U. S. Fire would be responsible for only that part of the costs and fees in proportion to the amount that any such judgment exceeded the limits of the primary policy coverage.

In our opinion these conclusions of the district court were mandated by the plain reading of the U. S. Fire policies. Under its policies U. S. Fire agreed to pay on Molina's behalf "the ultimate net loss in excess of the retained limit which the insured shall become legally obligated to pay," and the "retained limit" is defined as "the total of the applicable limits of the underlying policies listed in Schedule A." Schedule A in Molina's policies required underlying professional insurance of $100,-000.00 per claim and $300,000.00 in the aggregate. Clearly the obligation of U. S. Fire was to pay only the ultimate net loss in excess of the policy limits of the primary coverage of Professional's policies.

Molina contends that Professional's insolvency was not contemplated by the parties, and as a consequence U. S. Fire should be compelled to assume any loss resulting therefrom. This contention, however, ignores the policy requirement that the underlying insurance must be in force

and "collectible", and the limited nature of U. S. Fire's coverage is manifest in the provision that "[i]n the event of failure by the insured so to maintain such [underlying] policy [as collectible insurance] . . . the insurance afforded by this policy shall apply in the same manner it would have applied had such policy been so maintained."

Finally, Molina argues that the insolvency of Professional resulted in an "exhaustion" of the underlying insurance under Insuring Agreement III which provides that "[i]n the event of the reduction or exhaustion of the *aggregate* limit of liability of the underlying professional liability policy listed in Schedule A *by reason of losses paid thereunder*, the policy . . . shall continue as underlying insurance." (Emphasis added). The ready answer to this argument is that the per claim limit of $100,000.00 rather than the aggregate limit of $300,000.00 of the underlying insurance is at issue in this case and, in any event, the limit of liability of the underlying policy has not been exhausted "by reason of losses paid thereunder."

Similarly, under the policy provisions it is clear that, absent any judgment in excess of $100,000.00, U. S. Fire has no obligation to provide Dr. Molina with a defense or to reimburse him for costs or fees incurred in the defense of the malpractice actions presently pending against him. Accordingly, the judgment of the district court is affirmed.[2]

*AFFIRMED.*

---

**2.** During oral argument counsel advised us that they had determined that Professional was authorized to do business in West Virginia thereby bringing into operation the provisions of the West Virginia Guaranty Act, W.Va.Code 33–26–1, *et seq.* This Act provides a procedure for the payment of claims where such an insurer has become insolvent, and its application to the present case raises a question of the mootness of this appeal. Since, however, the Act requires the exhaustion of an insured's right against all solvent insurers, the final resolution of Dr. Molina's claim against U. S. Fire arguably may be a prerequisite to relief under the Act. Under these circumstances, we find it appropriate to determine the merits of this appeal.