WILLIAM CORBIE DAUGHTRY, JR. v. WILLIAM FRANKLIN TURNAGE AND J. A. EUBANKS AND SON, INC.

No. 95

(Filed 29 August 1978)

Automobiles § 76.1— tractor-trailer—following too closely—no contributory negligence as matter of law

In an action to recover damages to plaintiff's tractor-trailer which occurred when defendant's fertilizer truck blocked the road ahead of plaintiff's agent and plaintiff's agent drove the tractor-trailer into a ditch to avoid hitting a pickup truck he was following, plaintiff's evidence did not show that his agent was contributorily negligent as a matter of law in failing to keep a proper lookout or in following too closely.

THIS case is before us, pursuant to G.S. 7A-30(2), on appeal of the decision of the Court of Appeals, 35 N.C. App. 17, 239 S.E. 2d 709 (1978), (opinion by *Hedrick, J.,* concurred in by *Morris, J.,* with *Arnold, J.,* dissenting), reversing the judgment of *Clark, J.,* 23 August 1976 Civil Session, CUMBERLAND County Superior Court.

Plaintiff instituted this action seeking to recover damages to his 1972 GMC tractor-trailer allegedly resulting from the negligence of defendant William Franklin Turnage, the agent of defendant J. A. Eubanks and Son, Inc. The trial court submitted issues of negligence and contributory negligence to the jury. Damages were set at $7,500.00 by stipulation of counsel. The jury found that plaintiff's damages were caused by the negligence of defendant and that plaintiff was not contributorily negligent. Defendant appealed from the judgment of the trial court entered on this verdict and the Court of Appeals reversed, holding that plaintiff's evidence established his contributory negligence as a matter of law and that a verdict consequently should have been directed for defendant.

*Bowen and Lytch, P.A., by R. Allen Lytch, for plaintiff appellant.*

*McLeod & Senter, P.A., by William L. Senter, for defendant appellee.*

COPELAND, Justice.

The sole question presented for our consideration on this appeal is whether the trial court erred in denying defendant's motion for a directed verdict. In passing upon a motion for a directed verdict under G.S. 1A-1, Rule 50, the trial court is confronted with substantially the same question as was formerly presented by a motion for judgment of involuntary nonsuit. *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). In this situation, the court must consider the evidence in the light most favorable to the non-movant, deeming all evidence which tends to support his position to be true, resolving all evidentiary conflicts favorably to him and giving the non-movant the benefit of all inferences reasonably to be drawn in his favor. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973). A directed verdict on the ground of contributory negligence should be granted only when this defense is so clearly established that no other reasonable inference can be drawn from the evidence. *Brown v. Hale,* 263 N.C. 176, 139 S.E. 2d 210 (1964). We have determined that the evidence of plaintiff's contributory negligence, while strong, is not so overpowering as to preclude all reasonable inferences to the contrary; therefore, the decision of the Court of Appeals reversing the trial court's denial of defendant's motion for a directed verdict must be reversed.

When considered in the light most favorable to him, plaintiff's evidence tends to show the following:

On 1 May 1974 at approximately 12:00 noon, plaintiff's tractor-trailer truck, driven by his agent, was traveling east on N.C. Highway 55 near the community of Seven Springs. In this vicinity, Highway 55 is a two-lane paved road. The weather on this occasion was clear, with no fog, rain or overcast.

As plaintiff's truck was leaving a school zone just outside Seven Springs and approaching the city limits, it was following an eastbound pickup truck which had pulled out in front of it one-half mile earlier. The speed limit in the school zone was 35 miles per hour and plaintiff's truck was traveling at that speed when it ex-

ited the school zone. At this time, plaintiff's agent observed defendant's tractor-trailer truck some 900 to 1000 feet away, loaded with fertilizer and traveling toward him in the opposite lane at a moderate rate of speed. The next time plaintiff's agent noticed defendant's vehicle, it was about 500 feet away and had begun to cross the yellow line and move into the eastbound lane. When plaintiff's vehicle approached to within 300 feet of defendant's truck, the latter abruptly whipped completely over into the eastbound lane, apparently seeking to swing out in order to make a righ turn into a nearby private driveway.

Plaintiff's agent had maintained a following distance of 150 feet between himself and the pickup from the time it had pulled out in front of him and had held his speed at 35 miles per hour after his initial sighting of defendant's truck; however, when he saw defendant's truck drive completely into the eastbound lane, he slowed to approximately 30 miles per hour, as did the pickup. Defendant's truck suddenly stopped, blocking the entire road. At this point the pickup truck, still some 150 feet in front of plaintiff's vehicle, began to stop. Plaintiff's agent locked all his brakes and, finding that he could not stop in time to avoid striking the pickup and pushing it into the load of fertilizer, steered his vehicle off the road to the right and into the side ditch in order to avoid colliding with the pickup. As plaintiff's vehicle proceeded down the side ditch, it struck a 55 miles per hour speed limit sign and then collided with a concrete culvert, damaging the right front wheel area of the tractor and turning the trailer over on its side. The pickup, meanwhile, managed to stop without hitting defendant's truck.

As plaintiff's truck, loaded with approximately 70,000 pounds of wood chips, had approached the scene of the accident, it had been coming out of a slight curve, and, according to the record, traveling down a 34 to 40 degree hill.

Plaintiff's agent had been driving a truck over this same route for 10 years prior to the accident and was very familiar with the area. In addition, plaintiff's agent testified on cross-examination that he could have stopped if his truck had been empty or if he had been running slower. Plaintiff's agent also indicated that to his knowledge it was not unusual for a tractor-trailer truck to have to swing out wide to make a sharp turn.

An operator of a motor vehicle must exercise reasonable care to protect his own safety, keep a proper lookout and proceed as a

Daughtry v. Turnage

reasonably prudent person under the circumstances. *Privette v. Lewis*, 255 N.C. 612, 122 S.E. 2d 381 (1961). Moreover, under a motorist's general common law duty to exercise the degree of care of a reasonably prudent person, he must avoid following another vehicle too closely. *Black v. Gurley Milling Co., Inc.*, 257 N.C. 730, 127 S.E. 2d 515 (1962). Nonetheless, a driver ordinarily is not bound to anticipate negligence on the part of another motorist, nor is he required, in an emergency, to follow the wisest course of conduct. *Schloss v. Hallman*, 255 N.C. 686, 122 S.E. 2d 513 (1961).

A following driver is not an insurer against rear end collisions, especially when faced with an emergency created by an on-coming driver, because his following distance may be reasonable under the existing conditions and still be insufficient to permit a safe stop under all eventualities. *Beanblossom v. Thomas*, 266 N.C. 181, 146 S.E. 2d 36 (1966); *Soudelier v. Johnson*, 95 So. 2d 39 (La. App. 1957). In the case under consideration, plaintiff's evidence showed that his agent had to leave the road in order to avoid colliding with the rear of the pickup truck, which was stopping because defendant's truck was blocking both lanes of the highway. If plaintiff's vehicle had collided with the rear of the pickup, this would have furnished some evidence that plaintiff's agent had been negligent in following too closely or in failing to keep a proper lookout; however, the fact that a following vehicle has collided with a preceding one does not compel either of these conclusions, but instead merely raises a question for determination by the jury. *Ratliff v. Duke Power Company*, 268 N.C. 605, 151 S.E. 2d 641 (1966). There was no collision here between any of the vehicles involved, although plaintiff's damages admittedly arose out of action taken to avoid such a collision; thus, these facts are no more compelling on the question of contributory negligence than those held to have presented a mere jury question in *Ratliff v. Duke Power Company, supra*.

Defendant relies upon *Black v. Gurley Milling Co., Inc., supra*, in support of his contention that the evidence here establishes plaintiff's contributory negligence as a matter of law. The plaintiff there was the owner of a tractor-tanker which was damaged when the plaintiff's agent had to drive off the road to aovid striking the rear of a preceding tanker which in turn had stopped to avoid colliding with a truck owned by defendant that had been standing still in the middle of the highway. We held in that case that the only reasonable inference supported by the

evidence was that the plaintiff's agent had been following the preceding tanker too closely under the circumstances and that the trial court had acted properly in granting a judgment of involuntary nonsuit for the defendant. The plaintiff's agent in *Black*, however, was operating an oil tanker loaded with 5700 gallons of gasoline and was following another tanker carrying 6800 gallons of gasoline. In addition, the scene of the accident was adjacent to a school yard in which some children were playing. At the conclusion of the opinion in *Black*, we found that the fact that the plaintiff's agent was operating an oil tanker filled with gasoline rendered that case distinguishable from one involving the question of whether a passenger automobile was following too closely because the former vehicle might well have exploded in a collision with disastrous consequences not only to the driver, but also to others nearby.

The instant case falls between these two extremes in that plaintiff's truck was not carrying a potentially explosive cargo, such as gasoline, but it did present a more substantial danger than a passenger automobile in the event of a rear end collision because of its greater size and the substantial weight with which it was loaded. Still, the element of danger to bystanders is not present here, as it was in *Black*, and plaintiff's agent was confronted with a sudden emergency not of his own making when defendant's truck swung across the highway to make its turn and then came to a complete stop. In view of these facts, we cannot say that the inference that plaintiff's agent was contributorily negligent is the only one which reasonably could be drawn from the evidence; consequently, the trial court acted properly in denying defendant's motion for a directed verdict.

For the reasons stated, the decision of the Court of Appeals reversing the trial court's denial of a directed verdict for defendant is

Reversed.