ROBERT RAY HILL AND JACK HILL v. ALICE WILLARD PACK AND HARRY GOINS

No. 8317SC123

(Filed 21 February 1984)

**Automobiles and Other Vehicles § 76.1— hitting vehicle stopped in roadway—contributory negligence—jury question**
    In an action to recover damages arising out of a collision between plaintiff's pickup truck and defendants' vehicles stopped in the roadway, the evidence did not show contributory negligence by plaintiff as a matter of law but presented a jury question as to whether plaintiff was contributorily negligent in operating his vehicle in such a manner and at such a speed as to be unable to avoid a collision after seeing defendants' stopped vehicles.

APPEAL by plaintiffs from *Hairston, Judge.* Judgment entered 1 October 1982 in Superior Court, SURRY County. Heard in the Court of Appeals 12 January 1984.

*White and Crumpler by David R. Crawford for plaintiff appellants.*

*Hutchins, Tyndall, Doughton & Moore by Richard D. Ramsey and H. Lee Davis, Jr., for defendant appellee Pack.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by Jackson N. Steele for defendant appellee Goins.*

BRASWELL, Judge.

This is a negligence action for property damages arising out of a collision between plaintiff's pickup truck and defendants' vehicles stopped in the roadway. At the close of plaintiffs' evidence, the trial court allowed defendants' motion for a directed verdict against both plaintiffs on the grounds of contributory negligence. For the reasons that follow, we reverse. It is a question for the jury.

On the morning of 12 July 1981, plaintiff Robert Ray Hill was driving east in a pickup truck towing an outboard motorboat belonging to his father, plaintiff Jack Hill, on Highway 704 in Stokes County, when, as he rounded a sharp curve to his left going downhill, he encountered two vehicles, operated by defendants, approximately 380 feet ahead in the roadway. Defendant Pack was stopped headed east in plaintiff's lane of travel. Defendant Goins was stopped headed west in the opposite travel lane. Goins had stopped his truck in order to let out one of defendant Pack's sons so he could get into his mother's car.

As plaintiff-driver first was aware that the vehicles were present, his initial reaction was that "it just appeared to be two vehicles meeting each other." As he discerned the vehicles were stopped, he tried to stop. Fearing that locking his brakes would cause the boat/trailer to jackknife, plaintiff pumped his brakes. Faced with a deep ravine to his left, and a deep hole, trees, a brick wall and a driveway to his right, plaintiff Robert Hill attempted to drive his vehicle through a three and one-half foot gap between the two stopped vehicles. Plaintiff's vehicle collided with defendants' vehicles, moving the defendants' vehicles five to ten feet forward. No one was injured in the accident. Plaintiff Robert Hill, as he rounded the curve, was traveling 40 to 45 miles per hour, which was below the posted speed limit of 55 miles per hour.

A highway patrolman investigating the accident measured the distance between the point coming out of the curve at which the vehicles were visible to the point of impact as being 380 feet. Plaintiff Robert Hill agreed that this was a ball-park figure. No skid marks were found on the highway. The weather was clear that day, the asphalt pavement was dry, and plaintiff Robert Hill had nearly new radial tires on his four-wheel drive pickup. The time of collision was about 10:00 a.m.

In ruling upon a motion for a directed verdict on the grounds of contributory negligence, the trial court must determine whether the evidence, taken in the light most favorable to the plaintiff, establishes plaintiff's negligence so clearly that no other reasonable inference or conclusion may be drawn. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981). "We have determined," as did the Supreme Court in another instance of an improperly granted motion for directed verdict in *Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978), "that the evidence of plaintiff's contributory negligence, *while strong*, is not so overpowering as to preclude all reasonable inferences to the contrary." [Emphasis added.] Whether plaintiff Robert Hill operated his vehicle in such a manner and at such speed as to be unable to avoid a collision after seeing defendants' stopped vehicles is for the jury to decide. Only the jury should answer whether the plaintiff had sufficient stopping distance so as to avoid any collision, given his own statement as to his speed and his position on the roadway when he saw, or ought to have seen, the stopped vehicles ahead of him. Adequate reaction time was here a factual question for the jury to resolve. Because the plaintiff was fully aware that he was towing a trailer with a motorboat and had pulled the same boat many times previously, the plaintiff, in the exercise of due care, was also required to so operate his vehicle at a speed so as to avoid a collision with other vehicles observed upon the highway in light of the reasonable safe stopping distances for such a tow.

We need not discuss plaintiffs' assignment of error concerning admission of evidence since the same questions are not likely to recur on retrial.

While defendant Goins in the alternative by cross assignment of error asks that this Court grant a directed verdict for him on

the ground that he was not negligent in any respect, we decline to do so. On this record the matter is for the jury.

Reversed and new trial.

Judges HEDRICK and EAGLES concur.