RAYMOND B. ABERNATHY v. CONSOLIDATED FREIGHTWAYS CORPORA-
TION OF DELAWARE; RAY MOSLEY AND RICHARD P. WHITAKER, JR.

No. 369PA87

(Filed 2 December 1987)

**Master and Servant § 89.1— operating forklift without brakes—ordinary negli-
gence—Workers' Compensation Act sole remedy**

Plaintiff dock worker's evidence showed only ordinary negligence by his
co-employees where it showed that plaintiff was struck by a forklift operated
by the co-employees on a loading dock, that the co-employees knew the forklift
had no brakes, and that the co-employees thought the forklift could be stopped
without brakes by using the foot pedal to disengage the transmission and
changing gears to the opposite direction. Therefore, plaintiff was limited to
recovery under the Workers' Compensation Act, and the trial court had no
jurisdiction over plaintiff's action against his co-employees and his employer.
N.C.G.S. §§ 97-10, 97-10.1.

Justice MEYER concurring in result.

Justice MARTIN dissenting.

ON discretionary review prior to determination by the Court
of Appeals, pursuant to N.C.G.S. § 7A-31, of a judgment entered
by *Downs, J.,* at the 8 December 1986 Civil Session of Superior
Court, GASTON County. Heard in the Supreme Court on 15 Oc-
tober 1987.

*Whitesides, Robinson, Blue & Wilson, by Henry M. White-
sides; Stott, Hollowell, Palmer & Windham, by Douglas P. Ar-
thurs, for the plaintiff-appellant.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Harry P.
Brody, for the defendant-appellants.*

MITCHELL, Justice.

The plaintiff brought this action alleging, *inter alia,* that he
was injured by the willful, wanton and reckless conduct of his co-
employees, Ray Mosley and Richard Whitaker. The plaintiff seeks
recovery based on his allegations that the defendant Mosley's
operation of a brakeless tow motor, which caused the injury, and
the defendant Whitaker's instruction to Mosley to use the brake-
less tow motor amounted to conduct so reckless as to rise to the
level of "quasi-intent" or "constructive intent" to injure the plain-

tiff. The plaintiff contends that his injury should be treated as an intentional injury for purposes of our Workers' Compensation Act, and that he should be allowed to recover from Mosley and Whitaker, individually and from Consolidated Freightways under the tort theory of respondeat superior.

Since we conclude that the evidence presented at trial supports only a finding of ordinary negligence, the pivotal question in this case is whether the North Carolina Workers' Compensation Act provides the exclusive remedy when an employee is injured in the course of his employment by the ordinary negligence of co-employees. We conclude that it does.

The evidence offered at trial, taken in the light most favorable to the plaintiff, tends to show that on 8 November 1984, the plaintiff, while employed as a dock worker by the defendant Consolidated Freightways, sustained a compound fracture to his right leg. This injury was caused when a brakeless tow motor* driven by Mosley struck a float which came against the plaintiff's leg and pinned his leg between the float and an iron pole embedded in the floor. Mosley was working on the loading dock at Consolidated Freightways' warehouse when Whitaker, his supervisor, instructed him to move some freight with the tow motor which had no brakes.

Both Mosley and Whitaker were aware that the tow motor was without brakes and had seen a handwritten "No Brakes" sign which had been taped on the tow motor. Both men thought, however, that the tow motor could be stopped without brakes by using the foot pedal to disengage the transmission and by changing gears from reverse to forward or vice versa. They had seen numerous employees at Consolidated Freightways using the accelerator or the lever controlling forward and backward movements to control the movement of tow motors without using the brakes. In fact, just prior to the accident which injured the plaintiff, Mosley used the foot pedal to stop the brakeless tow motor in question here, while moving the freight he was assigned to move. Mosley testified that the accident occurred after he had moved all

---

* The witnesses referred to the machine in question as a "forklift" or "tow motor" and seemed to use the two terms as equivalent or interchangeable references to the same machine. We use the term "tow motor" throughout this opinion for purposes of uniformity.

but two of four or five "skids" that he needed to move. Mosley testified that the accident was the result of the following three things: (1) the tow motor failed to reverse directions and go forward as it should have when he changed gears; (2) the tow motor had no brakes; and (3) he failed to be more "aware." Mosley further testified that the accident was his fault and that in retrospect he realized that he should not have used a tow motor without brakes. Whitaker agreed that a brakeless tow motor is unsafe even though alternative means can be used to stop the equipment.

As a result of his injuries, the plaintiff received extensive medical care. Based on the Industrial Commission's disability rating schedule, the plaintiff's leg was rated as thirty-five percent permanently disabled. Because of his injuries sustained as a result of the accident, the plaintiff applied for and received benefits totaling $65,485.60 from Consolidated Freightways' workers' compensation insurance carrier.

The trial court denied the defendants' motions for a directed verdict at the close of all of the evidence and submitted issues regarding Mosley's and Whitaker's liability to the jury. The trial court refused to submit the issue of punitive damages as to Consolidated Freightways to the jury. The jury found that the defendants Mosley and Whitaker were willfully, wantonly and grossly negligent and awarded the plaintiff $800,000 in compensatory damages. The jury also awarded the plaintiff $5,000 in punitive damages against Whitaker. The trial court denied the post-trial motion of Mosley and Whitaker for judgment notwithstanding the verdict.

The trial court submitted two issues to the jury relating to the defendant Consolidated Freightways. First, the jury was asked to decide whether the plaintiff was injured as a proximate result of "the intentional conduct" of Whitaker. If the jury reached an affirmative answer as to that question, they were then instructed to consider whether Whitaker was "at the time and in respect of such intentional conduct the agent of the Defendant, Consolidated Freightways Corporation of Delaware at the time the Plaintiff was injured?" The jury found that the plaintiff was not injured by "intentional conduct" of Whitaker and, therefore, never reached the question of whether Whitaker was an agent of

Consolidated Freightways. Therefore, the jury awarded no damages to the plaintiff against Consolidated Freightways.

The trial court entered judgment in accord with the verdict against the defendants Mosley and Whitaker. As a part of its judgment, the trial court ordered that the action against Consolidated Freightways be dismissed with prejudice. The plaintiff and the defendants appealed to the Court of Appeals. This Court allowed the plaintiff's and the defendants' petitions for discretionary review, prior to determination by the Court of Appeals, on 28 July 1987.

The defendants first assign as error the trial court's denial of their motions for directed verdict and, as to the defendants Mosley and Whitaker, their motions for judgment notwithstanding the verdict. In support of this assignment, they argue that the evidence tended to show, at most, ordinary negligence on the part of Mosley and Whitaker. They argue that, such being the case, the plaintiff was limited to recovery under the Workers' Compensation Act, and that the trial court had no jurisdiction over the plaintiff's claim. This argument is meritorious.

In reviewing a ruling upon a motion for judgment notwithstanding the verdict made pursuant to N.C.G.S. § 1A-1, Rule 50, the evidence must be viewed in the light most favorable to the non-movant "deeming all evidence which tends to support his position to be true, resolving all evidentiary conflicts favorably to him and giving the non-movant the benefit of all the inferences reasonably to be drawn in his favor." *Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978). The same standard is applied for review of a ruling upon a motion for a directed verdict. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

The provisions of the North Carolina Workers' Compensation Act with which we are primarily concerned are N.C.G.S. § 97-9 and § 97-10.1. N.C.G.S. § 97-9 provides:

Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified.

N.C.G.S. § 97-10.1 provides:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall include all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

This latter provision of our Act, N.C.G.S. § 97-10.1, is commonly referred to as an "exclusivity provision."

In *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E. 2d 244, 247 (1985), we held that the Workers' Compensation Act does not bar an employee from recovering in a civil action against a co-employee for injuries received as a result of the co-employee's willful, wanton and reckless conduct. *See generally* Annotation, *Willful, Wanton or Reckless Conduct of Co-employee as Ground of Liability Despite Bar of Workers' Compensation Law*, 57 A.L.R. 4th 888 (1987). We also said, however, that the Act is the exclusive remedy for an employee who is injured by the ordinary negligence of a co-employee. *Pleasant v. Johnson*, 312 N.C. at 713, 325 S.E. 2d at 247. In *Pleasant* this Court delimited willful, wanton and reckless negligence as existing somewhere between ordinary negligence and intentional injury. We defined "wanton conduct as an act manifesting a reckless disregard for the rights and safety of others" and "willful negligence" as "the intentional failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed." *Id.* at 714, 325 S.E. 2d at 248. We further noted that there is a distinction between willful breach of duty and willful intent to cause an injury. We recognized, however, that intent to inflict an injury need not be actual, and that constructive intent to injure may provide the mental state necessary for an intentional tort. Constructive intent to injure exists where conduct threatens the safety of another and is so reckless or manifestly indifferent to the consequences that a finding of willfulness and wantonness equivalent in spirit to actual intent is justified. *Id.*

In the case at bar, the evidence supports only a finding of ordinary negligence on the part of the defendants Whitaker and Mosley. Therefore, we follow established precedent and hold that

the plaintiff is barred from bringing this action against the defendants and is limited to recovery under the Workers' Compensation Act. *See Pleasant v. Johnson*, 312 N.C. at 713, 325 S.E. 2d at 247; *Strickland v. King*, 293 N.C. 731, 239 S.E. 2d 243 (1977). Since the evidence supports only a finding of ordinary negligence on the part of the plaintiff's co-employees Whitaker and Mosley, we find it unnecessary to decide, or even consider, whether an employer may be held vicariously liable in a civil action by one of its employees for the willful, wanton or reckless conduct of its other employees, arising out of and in the course of their employment. Nor do we find it necessary to address other issues raised by the parties.

In the present case, there is no evidence that either Mosley's or Whitaker's conduct was so reckless or manifestly indifferent to the consequences that it may be found equivalent in spirit to actual intent to inflict injury. A review of the evidence indicates that Whitaker and Mosley believed that a tow motor could be stopped safely without use of the brakes by using the foot pedal to disengage the transmission and by changing gears from reverse to forward or vice versa. The evidence also tends to show that Mosley, an employee with twenty years experience operating tow motors, thought that he could operate the brakeless tow motor safely. The evidence further tends to show that at the time of the accident, he had used the brakeless tow motor without incident for some ten to fifteen minutes and had moved all but two of the four or five "skids" that he was assigned to move. Only when the tow motor failed to change directions properly did the accident occur. We recognize that the jury could find that the prudent course of action would be for the supervisor to prohibit workers from using a tow motor without brakes. In the present case, however, Mosley's and Whitaker's decision to use the defective tow motor was an error in judgment which amounted to ordinary negligence at most.

The North Carolina Workers' Compensation Act provides the sole remedy for an employee who has been injured by the ordinary negligence of a co-employee. Here, the evidence tended at most to show ordinary negligence on the part of the co-employees. Therefore, the evidence revealed that the trial court was without jurisdiction as to them in this case. As the plaintiff only sought to hold Consolidated Freightways liable on a theory of vicarious

liability for the willful, wanton and reckless conduct of its employees, the trial court was also without jurisdiction as to Consolidated Freightways. The trial court erred in denying the defendants' motions for a directed verdict and the motion of the defendants Mosley and Whitaker for judgment notwithstanding the verdict.

That part of the judgment of the trial court dismissing with prejudice the claims against Consolidated Freightways is affirmed. The remainder of the judgment is vacated. This case is remanded to the trial court with instructions to enter judgment for the defendants.

Affirmed in part, vacated in part and remanded.

Justice MEYER concurring in result.

While I concur in the result reached by the majority, I find the majority's lengthy explanation and interpretation of *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E. 2d 244 (1985), inappropriate in view of the Court's decision that the evidence in this case reflects only "ordinary" negligence on the part of the co-employees.

*Pleasant* stands only for the proposition that our Workers' Compensation Act does not preclude a suit against a co-employee for the co-employee's willful, wanton, and reckless negligence, or, as stated by the majority in *Pleasant*, "[W]e now hold that the Workers' Compensation Act does not shield a co-employee from common law liability for willful, wanton and reckless negligence." *Id.* at 716, 325 S.E. 2d at 249.

Where, as here, the Court bases its decision upon evidence that supports "only a finding of ordinary negligence on the part of the plaintiff's co-employees," of what possible relevance is the majority's statement that "we find it unnecessary to decide, or even consider, whether an employer may be held vicariously liable in a civil action by one of its employees for the *willful, wanton* or *reckless conduct* of . . . other employees." (Emphasis added.) Where, as here, the level of negligence is determined to be only "ordinary" negligence, the majority's explanation and interpretation of *Pleasant's* definition and treatment of willful, wanton, and reckless negligence as "constructive intent to injure" is clearly irrelevant and constitutes the worst sort of *obiter dictum*.

Justice MARTIN dissenting.

I respectfully dissent from the holding of the majority that the conduct of defendants in this case does not rise to the level of being willful, wanton, or reckless negligence.

Clearly, the intentional operation of the forklift tractor on a loading dock where other people were working, with knowledge that the vehicle did not have any brakes, constituted gross, willful, or wanton negligence. The forklift had a "No Brakes" sign affixed to it, and defendants Mosley and Whitaker had actual knowledge that the vehicle did not have brakes. The forklift was used to move heavy loads from place to place and to stack and remove heavy freight on the loading dock.

The belief by Mosley and Whitaker that the forklift could be stopped, even though it had no brakes, by disengaging the clutch and changing the gears to the opposite direction, is incredible at best. The majority accepts this testimony as gospel; at the most it would be a question for the jury to decide whether the vehicle *could* be so stopped *and* whether Mosley and Whitaker actually had such a belief. As the majority recognizes, the evidence must be viewed in the light most favorable to plaintiff. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978). Reviewing the evidence accordingly, this "defense" was for the jury.

The operation of moving vehicles without proper means of controlling them is indeed a dangerous occupation. It is negligence per se to operate a motor vehicle on the public highway without proper brakes. *Stephens v. Oil Co.*, 259 N.C. 456, 131 S.E. 2d 39 (1963). Consolidated Freightways, as employer of Mosley and Whitaker, had a nondelegable duty to provide them with safe machines with which to perform their work. *Kientz v. Carlton*, 245 N.C. 236, 96 S.E. 2d 14 (1957). The willful use of the unsafe forklift by Consolidated's employees, resulting in serious injuries to plaintiff, was sufficient evidence, under the circumstances of this case, to carry the issue of willful, wanton, or reckless negligence to the jury. Surely, the conduct by defendants manifested a reckless disregard for the rights and safety of others and the evidence was sufficient for a jury determination of whether the defendants intentionally failed to carry out their lawful duties necessary to protect the safety of others and, particularly, the plaintiff. *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E. 2d 244 (1985).

For these reasons, I cannot join the majority opinion.