MURPHY, Judge.
 

 *470
 
 Where an injury occurs in the course of one's employment but is not caused by an accident and does not arise out of the employment, that injury does not fall under the Workers' Compensation Act, and the injured party may not be compensated thereunder. If the Industrial Commission lacks exclusive jurisdiction to hear a claim that occurs in the course of one's employment, a trial court does not err in asserting subject matter jurisdiction over that claim.
 

 BACKGROUND
 

 This action was initiated in September 2017 when Plaintiff filed a civil complaint in Gaston County Superior Court asserting a claim for medical negligence against his employer, The Timken Company ("Timken"), and its company nurse, Deborah Gentry ("Gentry"). Plaintiff alleged he was
 
 *471
 
 negligently diagnosed and treated after suffering a stroke at work. Prior to filing his complaint, Plaintiff had also filed a workers' compensation claim with the Industrial Commission based on the same facts. Plaintiff's workers' compensation claim was heard by a Deputy Commissioner, who issued an Opinion and Award denying Plaintiff's claim on 1 November 2017. The Opinion and Award concluded Plaintiff did not sustain an injury by accident arising out of and in the course of his employment, and therefore his suit did not fall under the Industrial Commission's jurisdiction. Plaintiff did not appeal the Industrial Commission's Opinion and Award, and that matter is not ongoing.
 

 In lieu of answering Plaintiff's civil complaint, Defendants moved to dismiss the suit for lack of subject matter jurisdiction because "the Workers' Compensation Act provides the exclusive remedy for actions such as this against the employer ...." The trial court denied Defendants' motion and made the following conclusions of law:
 

 1. This court has jurisdiction over the subject matter of this action.
 

 *742
 
 2. The Exclusive Remedy provision of the North Carolina Workers' Compensation Act generally applies to injuries sustained in the course and scope of employment, but the provisions of the Act do not apply to this case.
 

 3. There is no causal relationship between the Plaintiff's alleged injuries and the Plaintiff's employment at The Timken Company.
 

 4. As determined by the Industrial Commission's Opinion and Award, the Plaintiff's alleged injuries do not arise out of the course and scope of his employment at The Timken Company.
 

 Defendants now appeal pursuant to N.C.G.S. § 7A-27(b)(3)(a).
 

 ANALYSIS
 

 Defendants' only argument on appeal is that the trial court erred in denying their
 
 Motion to Dismiss
 
 for lack of subject matter jurisdiction. Defendants argue the North Carolina Industrial Commission has exclusive jurisdiction over Plaintiff's claims and note that the parties stipulated as much in the action before the Industrial Commission. "We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo and may consider matters outside the pleadings."
 
 Harris v. Matthews
 
 ,
 
 361 N.C. 265
 
 , 271,
 
 643 S.E.2d 566
 
 , 570 (2007).
 

 *472
 
 We first note that the parties cannot confer subject matter jurisdiction upon a court by consent or stipulation.
 
 See
 

 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 595,
 
 636 S.E.2d 787
 
 , 793 (2006) ("Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties.") (internal quotation marks omitted);
 
 Reid v. Reid
 
 ,
 
 199 N.C. 740
 
 , 743,
 
 155 S.E. 719
 
 , 720 (1930) ("Jurisdiction, withheld by law, may not be conferred on a court, as such, by waiver or consent of the parties."). The parties' stipulation of subject matter jurisdiction in the workers' compensation claim has no effect upon our consideration of the jurisdiction of the General Court of Justice.
 

 Defendants correctly note our Workers' Compensation Act ("The Act") provides that "[i]f the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee ... shall exclude all other rights and remedies of the employee ...." N.C.G.S. § 97-10.1 (2017). Section 10.1 of The Act has been interpreted as a bar to a plaintiff's common law ordinary negligence suit against his employer or coworkers where the allegations and evidence show that their alleged harm stems from an injury by accident arising out of and in the course of the plaintiff's employment.
 
 Abernathy v. Consolidated Freightways Corp. of Delaware
 
 ,
 
 321 N.C. 236
 
 , 240-41,
 
 362 S.E.2d 559
 
 , 562 (1987). However, it has never been applied where, as here, Plaintiff alleges a coworker was negligent under our medical malpractice statute. Additionally, The Act does not cover injuries that occur at one's place of work but that are not the result of an accident arising out of and in the course of that person's employment.
 
 McAllister v. Cone Mills Corp.
 
 ,
 
 88 N.C. App. 577
 
 , 580,
 
 364 S.E.2d 186
 
 , 188 (1988).
 

 In resolving this appeal, we must decide, as the trial court did, whether Plaintiff's claim is covered by The Act. "An injury is compensable under [The Act] only if (1) it is caused by an 'accident,' and (2) the accident arises out of and in the course of employment."
 
 Pitillo v. N.C. Dep't. of Envtl. Health & Nat. Res.
 
 ,
 
 151 N.C. App. 641
 
 , 645,
 
 566 S.E.2d 807
 
 , 811 (2002). Here, Plaintiff argues his injury was not caused by an accident and did not arise out of and in the course of his employment. We agree.
 

 "Injury and accident are separate concepts, and there must be an accident which produces the injury before an employee can be awarded compensation."
 
 Swift v. Richardson Sports, Ltd.
 
 ,
 
 173 N.C. App. 134
 
 , 138,
 
 620 S.E.2d 533
 
 , 536 (2005). "An accident under [The Act] has been defined as ... 'the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected
 
 *473
 
 consequences.' "
 
 Pitillo
 
 ,
 
 151 N.C. App. at 645
 
 ,
 
 566 S.E.2d at 811
 
 (quoting
 
 Calderwood v. Charlotte-Mecklenburg Hosp. Auth.
 
 ,
 
 135 N.C. App. 112
 
 , 115,
 
 519 S.E.2d 61
 
 , 63 (1999) ). Similarly, our Supreme Court has defined an accident as "an unlooked for and untoward
 
 *743
 
 event which is not expected or designed by the injured employee. A result produced by a fortuitous cause. An unexpected or unforeseen event. An unexpected, unusual or undesigned occurrence."
 
 Edwards v. Piedmont Publishing Co.
 
 ,
 
 227 N.C. 184
 
 , 186,
 
 41 S.E.2d 592
 
 , 593 (1947) (internal quotation marks and citations omitted).
 

 Here, Gentry's alleged failure to properly diagnose and treat Plaintiff cannot be described as an "accident" as contemplated by The Act. Timken employed Gentry as an on-site nurse to provide medical care to its employees. When Plaintiff sought and received medical care from Gentry, it was not "an unlooked for and untoward event which [was] not expected or designed by [Plaintiff]."
 

 Id.
 

 It is entirely foreseeable and expected that a sick or injured Timken employee will visit the company nurse to receive treatment. By way of analogy, if a janitor at WakeMed suffered a heart attack on the job and received negligent treatment from an on-site cardiologist, he would certainly be able to bring a medical malpractice claim in Superior Court. An employee seeking care from a medical professional at his place of work is not the type of occurrence that creates an injury by accident under The Act. Plaintiff's visit to the company nurse is not an instance that falls within the definition of accident promulgated by our Supreme Court.
 

 Assuming
 
 arguendo
 
 this occurrence could be classified as such, we are nevertheless unpersuaded the injury arose out of Plaintiff's employment.
 
 [1]
 
 "Arising out of employment relates to the origin or cause of the accident. The controlling test of whether an injury arises out of the employment is whether the injury is a natural and probable consequence
 
 *474
 
 of the nature of the employment."
 
 Morgan v. Morgan Motor Co. of Albemarle
 
 ,
 
 231 N.C. App. 377
 
 , 381,
 
 752 S.E.2d 677
 
 , 680 (2013) (internal quotation marks and citations omitted). We have said an injury meets this definition "when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment; the injury must spring from the employment or have its origin therein."
 
 Harless v. Flynn
 
 ,
 
 1 N.C. App. 448
 
 , 455,
 
 162 S.E.2d 47
 
 , 52 (1968).
 

 Here, Plaintiff's alleged injury resulted from a failure to properly diagnose and treat the stroke he suffered on the job. That injury, although caused by a coworker, does not spring from his employment as a grinding machine operator for Timken because it is not a natural or probable consequence of the nature of Plaintiff's employment. Stated differently, when Plaintiff reported to work as a grinding machine operator he would not have considered being misdiagnosed or mistreated for a stroke by a medical professional as a possible consequence of that work.
 

 In arguing that the Industrial Commission has exclusive jurisdiction over this action, Defendants point to our Supreme Court's decision in
 
 Abernathy v. Consolidated Freightways Corp. of Delaware
 
 ,
 
 321 N.C. 236
 
 ,
 
 362 S.E.2d 559
 
 (1987). In
 
 Abernathy
 
 , an employee sued his coworkers for causing him to be injured by a brakeless tow motor, but his suit was dismissed by our Supreme Court when it concluded The Act "provides the exclusive remedy when an employee is injured in the course of his employment by the ordinary negligence of co-employees."
 
 Id.
 
 at 237,
 
 362 S.E.2d at 560
 
 ,
 
 321 N.C. 236
 
 . Here, unlike in
 
 Abernathy
 
 , Plaintiff alleges his coworker is liable to him for breaching
 
 *744
 
 N.C.G.S. § 90-21.12, our statute establishing a special duty for medical professionals when rendering care. This case is further distinguishable from
 
 Abernathy
 
 because Plaintiff did not suffer an injury by accident arising out of his employment.
 

 In sum, Plaintiff's claim does not fall under the exclusive jurisdiction of the Industrial Commission through The Act. Where an injury occurs in the course of one's employment but is not caused by an accident and does not arise out of that employment, that injury does not fall under The Act and the injured party may not be compensated thereunder. As both the Industrial Commission and trial court correctly concluded, Plaintiff's injuries are not compensable under The Act. Therefore, the Commission does not have exclusive jurisdiction over Plaintiff's claim, and the trial court did not err in denying Defendants'
 
 Motion to Dismiss
 
 for lack of subject matter jurisdiction.
 

 *475
 

 CONCLUSION
 

 The Industrial Commission does not have exclusive jurisdiction over Plaintiff's claim. The trial court did not err in asserting jurisdiction over this matter or in denying Defendants'
 
 Motion to Dismiss
 
 .
 

 AFFIRMED.
 

 Judges STROUD and DIETZ concur.
 

 [1]
 

 The phrase "arising out of and in the course of employment" represents a single test of work connection.
 
 Ramsey v. Southern Indus. Constructors Inc.
 
 ,
 
 178 N.C. App. 25
 
 ,
 
 630 S.E.2d 681
 
 (2006). Nevertheless, "[T]he phrases 'arising out of' and 'in the course of' one's employment are not synonymous but rather are two separate and distinct elements[,] both of which a claimant must prove to bring a case within the Act."
 
 Gallimore v. Marilyn's Shoes
 
 ,
 
 292 N.C. 399
 
 , 402,
 
 233 S.E.2d 529
 
 , 531 (1977). "The words 'in the course of [employment]' refer to the time, place, and circumstances under which an accident occurred. The accident must occur during the period and place of employment."
 
 Morgan v. Morgan Motor Co. of Albemarle
 
 ,
 
 231 N.C. App. 377
 
 , 381,
 
 752 S.E.2d 677
 
 , 681 (2013) (internal quotation marks and citations omitted). Plaintiff does not contest the fact that his injury occurred in the course of his employment, which is clear from the record. We need only determine whether the alleged injury by accident arose out of his employment.