JOHN D. MUTER, Plaintiff v. LYNN M. MUTER, Defendant

No. COA09-974

(Filed 16 March 2010)

**Civil Procedure— stay of proceedings—denial not an abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion to stay domestic proceedings in North Carolina pending the resolution of an Ohio action because the trial court considered the factors enumerated in *Lawyers Mut. Liab. Ins. Co. v. Nexsen Pruet Jacobs & Pollard,* 112 N.C. App. 353. Defendant's argument that various findings and conclusions in the trial court's order were not supported was not a proper issue for consideration on appeal and defendant made no argument that the trial court acted in a patently arbitrary manner.

Appeal by defendant from order entered 16 February 2009 by Judge Albert A. Corbett, Jr., in Johnston County District Court. Heard in the Court of Appeals 27 January 2010.

*Poyner Spruill L.L.P., by George K. Freeman, Jr., and Andrew H. Erteschik, for plaintiff-appellee.*

*Armstrong & Armstrong, P.A., by Marcia H. Armstrong and L. Lamar Armstrong, Jr., and Ledolaw, by Michele A. Ledo, for defendant-appellant.*

BRYANT, Judge.

In October 2007, defendant Lynn M. Muter filed a complaint seeking divorce and a determination of spousal support, property distribution, child custody and child support in the State of Ohio. After the Ohio court entered a temporary order on spousal support, child custody and child support, plaintiff John D. Muter moved to stay and set aside the support order. Before the Ohio court decided these motions, plaintiff filed a complaint for divorce and a determination of spousal support and property distribution in Johnston County, North Carolina, on 11 February 2008. On 17 March 2008, plaintiff moved to sever in order to have the absolute divorce claim heard immediately and moved for summary judgment on the absolute divorce claim on the basis of defendant's failure to timely file a responsive pleading. On 24 March 2008, defendant moved to dismiss for lack of personal and subject matter jurisdiction and moved to continue any determination of plaintiff's motions. On 4 April 2008, defendant moved to stay the Johnston County action pending resolution of the action pending in Ohio. On 7 April 2008, the trial court granted plaintiff's motion to sever and on 19 May 2008, granted plaintiff an absolute divorce. On 16 February 2009, the trial court denied defendant's motion to stay. From this order, defendant appeals. On 16 March 2009, defendant filed petitions for writs of supersedeas and certiorari. This court allowed the petitions 8 April 2009. As discussed below, we affirm.

*Facts*

The parties married in the State of Ohio in 1983 and had two children. In May or June 1998, the parties and their children moved to North Carolina, but defendant and the children returned to Ohio in November of that year. After defendant filed for divorce in Ohio in October 2007, plaintiff did not object to that state's jurisdiction and engaged in the litigation, including seeking a vocational assessment for defendant. On 26 December 2007, the Ohio court entered an order that plaintiff pay defendant more than $16,000 per month in spousal and child support. On 3 January 2008, plaintiff moved to set aside the order and to stay its implementation. On 11 February 2008, plaintiff filed the instant action in the Johnston County District Court. On 27

MUTER v. MUTER

[203 N.C. App. 129 (2010)]

February 2008, the Ohio court denied plaintiff's motion to stay. Following the proceedings described *supra*, including the grant of an absolute divorce by the Johnston County District Court on 19 May 2008, plaintiff moved for dismissal of the entire Ohio action on the basis of the absolute divorce granted in this State. The Ohio court dismissed the entire action, but the Ohio Court of Appeals reversed on 23 December 2008, on grounds that the North Carolina divorce decree did not address the remaining claims between the parties.

---

Defendant made five assignments of error which she brings forward in five overlapping and contingent arguments in her brief to this Court: denominated findings of fact 31-34 and 39-40 are actually conclusions of law and are not supported by findings of fact; conclusions of law 6-12 are not supported by the findings; the relief granted is unsupported by facts and conclusions; and the trial court abused its discretion by abandoning consideration of the relevant factors and in not considering the practical effects of the prior action in Ohio. However, as discussed below, given the applicable standard of review, we address defendant's contentions as a single argument: that the trial court abused its discretion in denying her motion to stay. For the reasons discussed herein, we find no abuse of discretion and affirm.

*Analysis*

As noted above, defendant argues that the trial court abused its discretion in denying her motion to stay because various findings and conclusions contained in the order are not supported and because the court did not consider the factors relevant to deciding whether to grant a stay. We disagree.

Defendant sought a stay under N.C. Gen. Stat. § 1-75.12, which provides, in pertinent part:

(a) When Stay May be Granted.—If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.

N.C.G.S. § 1-75.12 (2009). The essential question for the trial court is whether allowing the matter to continue in North Carolina would

work a "substantial injustice" on the moving party. *Motor Inn Management, Inc. v. Irvin-Fuller Dev. Co., Inc.*, 46 N.C. App. 707, 711, 266 S.E.2d 368, 370, *appeal dismissed and disc. review denied*, 301 N.C. 93, 273 S.E.2d 299 (1980). In making this determination,

> the trial court may consider the following factors: (1) the nature of the case, (2) the convenience of the witnesses, (3) the availability of compulsory process to produce witnesses, (4) the relative ease of access to sources of proof, (5) the applicable law, (6) the burden of litigating matters not of local concern, (7) the desirability of litigating matters of local concern in local courts, (8) convenience and access to another forum, (9) choice of forum by plaintiff, and (10) all other practical considerations.

*Lawyers Mut. Liab. Ins. Co. v. Nexsen Pruet Jacobs & Pollard*, 112 N.C. App. 353, 356, 435 S.E.2d 571, 573 (1993) (citing *Motor Inn Management, Inc.*, 46 N.C. App. at 713, 266 S.E.2d at 371).

Our Courts have set forth our standard of review in such cases:

> When evaluating the propriety of a trial court's stay order the appropriate standard of review is abuse of discretion. *Home Indem. Co. v. Hoechst-Celanese Corp.*, 99 N.C. App. 322, 325, 393 S.E.2d 118, 120 (1990), *appeal dismissed and cert. denied*, 327 N.C. 428, 396 S.E.2d 611 (1990). A trial court may be reversed for abuse of discretion only if the trial court made "a patently arbitrary decision, manifestly unsupported by reason." *Buford v. General Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994). Rather, appellate review is limited to "insur[ing] that the decision could, in light of the factual context in which it was made, be the product of reason." *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986).

*Home Indem. Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 113, 117-18, 493 S.E.2d 806, 809-10 (1997).

> The intended operation of the [abuse of discretion] test may be seen in light of the purpose of the reviewing court. Because the reviewing court does not in the first instance make the judgment, the purpose of the reviewing court is not to substitute its judgment in place of the decision maker.

*Little*, 317 N.C. at 218, 345 S.E.2d at 212. In considering whether to grant a stay under section 1-75.12, the trial court need not consider every factor and will only be found to have abused its discretion

when it "abandons any consideration of these factors." *Lawyers Mut. Liab. Ins. Co.*, 112 N.C. App. at 357, 435 S.E.2d at 573-74. In addition, this Court has held that "it is not necessary that the trial court find that *all* factors positively support a stay[.]" *Id.* at 357, 435 S.E.2d at 574.

Defendant argues that the trial court abandoned consideration of the relevant factors. Our careful review of the order reveals that the trial court, rather than "abandon[ing] any consideration of" the factors suggested in *Lawyers Mutual*, actually made specific findings and conclusions on each of the suggested factors. For example, the order states:

The Court finds the following as to The Factors and Other Practical Considerations regarding the Motion to Stay pursuant to N.C.G.S. §1-75.12:

31. Nature of the Case: This action involves the application for equitable distribution and spousal support, as pleaded by both parties.

32. Applicable Law: North Carolina law applies as to all aspects of this action.

33. Convenience of Witnesses: Those who may testify as to the date of separation and the assets which may be subject to equitable distribution will be predominantly from North Carolina.

34. Process to Compel Witness Attendance: North Carolina law is well suited [sic] to compel attendance of in-state witnesses, and to obtain the testimony of out-of-state witnesses.

35. Ease of Access to Sources of Proof: Because almost all of the assets, both personal and real property, which may be subject to equitable distribution are located in North Carolina, North Carolina offers the easiest access to sources of proof.

The order goes on the include findings 36-40 on the "Burden of Litigating Matters Not of Local Concern," "Desirability of Litigating Matters of Local Concern," "Choice of Forum by Plaintiff," "Convenience of Access to Another Forum," and six "Other Practical Considerations." The order tracks the factors and language suggested in *Lawyers Mutual*.

Defendant also argues that various findings and conclusions in the order are not supported. As discussed in detail above, this is not

MUTER v. MUTER

[203 N.C. App. 129 (2010)]

the question we consider on appeal from the trial court's denial of a section 1-75.12 motion to stay. We do not re-weigh the evidence before the trial court or endeavor to make our own determination of whether a stay should have been granted. Instead, mindful "not to substitute [our] judgment in place of the [trial court's]" *Little*, 317 N.C. at 218, 345 S.E.2d at 212, we consider only whether the trial court's denial was "a patently arbitrary decision, manifestly unsupported by reason." *Buford*, 339 N.C. at 406, 451 S.E.2d at 298. Defendant makes no argument that the trial court acted in a patently arbitrary manner, but rather argues that the trial court should have resolved the factors differently. Here, as previously stated, the trial court considered each of the relevant factors and made a reasoned finding or conclusion as to each.

We find it useful to reiterate that defendant bore the burden of persuading the trial court that allowing the North Carolina action to proceed would "work a substantial injustice" on her. N.C.G.S. § 1-75.12. Defendant failed to carry this burden. Before the trial court, defendant did not present any evidence or make any argument addressing the relevant factors. In fact, after plaintiff's counsel had presented his arguments as to each of the factors, defendant's counsel advised the trial court that she did not wish to be heard on the factors. The trial court was not required to decide the most convenient or ideal venue for resolving this matter but only to determine whether defendant proved that proceeding in North Carolina would work a substantial injustice on her. Here, we conclude that the trial court did not abuse its discretion in determining that it would not.

Affirmed.

Judges ELMORE and STROUD concur.