IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-862

Filed 02 May 2023

Catawba County, No. 22 CVS 363

JUSTIN MARLOW, as Administrator of the Estate of Michelle Marlow (Deceased), Plaintiff,

v.

TCS DESIGNS, Inc., JOBIE G. REDMOND, JEFF McKINNEY, and ERIC PARKER, Defendants.

Appeal by Defendants from order entered 22 July 2022 by Judge Gregory Hayes in Catawba County Superior Court. Heard in the Court of Appeals 22 February 2023.

> *White & Stradley, PLLC, by J. David Stradley and Nicole D. McNamara, and Helton, Cody & Associates, PLLC, by Lyndon R. Helton, for Plaintiff-Appellee.*
>
> *Pinto Coates Kyre & Bowers, PLLC, by Lyn K. Broom and Richard L. Pinto, for Defendants-Appellants TCS Designs, Inc., Jobie G. Redmond, and Jeff McKinney; and Goldberg Segalla LLP, by Martha P. Brown, for Defendant-Appellant Eric Parker.*

COLLINS, Judge.

TCS Designs, Inc., Jobie G. Redmond, Jeff McKinney, and Eric Parker (collectively, "Defendants") appeal from the trial court's order denying their Rule 12(b)(1) motions to dismiss claims filed by Plaintiff Justin Marlow, as administrator

of the estate of his deceased wife, Michelle Marlow, in connection with her death. Parker also appeals from the trial court's order denying his Rule 12(b)(6) motion to dismiss and his motion to stay. Defendants contend that the trial court erred by denying their motions to dismiss because the North Carolina Industrial Commission has exclusive jurisdiction over Plaintiff's claims. Parker also contends that the trial court abused its discretion by denying his motion to stay the proceedings because there is a pending criminal case against him stemming from Michelle's death. The trial court did not err by denying Defendants' motions to dismiss based on the exclusivity provision of the Workers' Compensation Act because the pleadings and jurisdictional evidence considered establish that Michelle's death did not arise out of her employment. We dismiss Parker's appeal from the denial of his Rule 12(b)(6) motion to the extent that it does not relate to the Industrial Commission's exclusive jurisdiction. Furthermore, the trial court did not abuse its discretion by denying Parker's motion to stay. Accordingly, we dismiss in part and affirm in part.

## I. Procedural and Factual Background

Tangela Parker and Michelle Marlow were employed as factory workers at TCS Designs, Inc. ("TCS"), a commercial furniture manufacturer in Hickory, North Carolina. At approximately 2:30 p.m. on 13 January 2021, Tangela went to the TCS parking lot, retrieved a gun from her car, returned to the factory, and shot Michelle twice in the head at point-blank range. Michelle died from the gunshot wounds that day. Tangela and Michelle had been involved in two prior verbal confrontations

during work hours, both of which were investigated by TCS. According to Tangela and Michelle's supervisor, during a 28 July 2020 altercation:

> Tangela had her earphones on and was singing at a level that Michelle could hear in spite of having her own earphones in. When Michelle asked Tangela if she could lower her voice[,] Tangela became irate and stated she could not ask her to do anything she had to ask her supervisor to discuss it with her.

During a 4 January 2021 altercation, company employees heard Tangela threaten to "wipe the floor" with Michelle and "whip her ass." Tangela was given a warning and a 3-day suspension following the second confrontation.

Following Michelle's death, Plaintiff filed a Form 18 in the North Carolina Industrial Commission, indicating that Michelle's death occurred as a result of being "[s]hot by co-worker." In response, TCS filed a Form 61, asserting that "Plaintiff's allegations do not establish that plaintiff has carried plaintiff's burden of proving that a compensable event occurred on 01/13/2021" and reserving the right to assert any defense consistent with the evidence. Plaintiff filed a Form 33 on 10 March 2021, requesting a hearing "for determination and Order from the Industrial Commission for payment of death benefits." Over the next eleven months, the parties engaged in discovery, motions, and mediation.

A hearing was scheduled for 23 February 2022. However, on 17 February 2022, Plaintiff moved to voluntarily dismiss the case without prejudice, and the motion was allowed.

Plaintiff filed a complaint in Catawba County Superior Court on 21 February 2022 against TCS; Jobie Redmond, president of TCS; Jeff McKinney, a manager at TCS; and Eric Parker, an employee of TCS and Tangela's husband. The complaint asserted claims for negligence, gross negligence, and willful and wanton conduct, and sought compensatory and punitive damages.

On 11 April 2022, Defendants filed a Form 60 with the Industrial Commission accepting Plaintiff's claim as compensable. Two days later, TCS, Redmond, and McKinney moved to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(1), asserting that the trial court lacked subject matter jurisdiction over the case because the Industrial Commission possessed "exclusive jurisdiction" over Plaintiff's claims. Parker moved to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that "[t]he Industrial Commission has exclusive jurisdiction over Plaintiff's claims for compensation against . . . Parker and Plaintiff's common-law claims against . . . Parker are barred by the exclusivity provisions of N.C.G.S. § 97-10.1." Parker also moved to stay the proceedings, asserting that permitting the civil action to proceed would infringe upon his Fifth Amendment rights in a pending criminal case related to the same incident.

After a hearing on 27 and 28 June 2022, the trial court entered an order on 22 July 2022 denying Defendants' motions to dismiss and Parker's motion to stay. Defendants filed and served a joint written notice of appeal on 15 August 2022.

## II. Discussion

### A. Appellate Jurisdiction

The trial court's order denying Defendants' Rule 12(b)(1) motions to dismiss, Parker's 12(b)(6) motion to dismiss, and Parker's motion to stay is not a final order and is therefore interlocutory. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Clements v. Clements*, 219 N.C. App. 581, 583, 725 S.E.2d 373, 375 (2012) (quotation marks and citation omitted). However, an interlocutory order may be immediately appealable if it affects a substantial right. *See* N.C. Gen. Stat. § 7A-27(b)(3)(a) (2022).

The denial of a Rule 12(b)(1) motion to dismiss based on the exclusivity provision of the North Carolina Workers' Compensation Act (the "Act") affects a substantial right and is immediately appealable. *Fagundes v. Ammons Dev. Grp., Inc.*, 251 N.C. App. 735, 737, 796 S.E.2d 529, 532 (2017). Similarly, the denial of a Rule 12(b)(6) motion to dismiss based on the exclusivity provision of the Act affects a substantial right and is immediately appealable. *Est. of Vaughn v. Pike Elec., LLC*, 230 N.C. App. 485, 492, 751 S.E.2d 227, 232 (2013). Additionally, an order in a civil case affecting a litigant's Fifth Amendment privilege against self-incrimination is immediately appealable. *See Roadway Express, Inc. v. Hayes*, 178 N.C. App. 165, 168,

631 S.E.2d 41, 44 (2006) ("[A] trial judge's ruling requiring a party to provide evidence over a Fifth Amendment objection is . . . immediately appealable."); *see also Staton v. Brame,* 136 N.C. App. 170, 176, 523 S.E.2d 424, 428 (1999) (reversing the trial court's order compelling defendant's testimony in a civil action where defendant asserted his Fifth Amendment privilege against self-incrimination).

Here, Defendants' Rule 12(b)(1) motions to dismiss and a portion of Parker's 12(b)(6) motion to dismiss are based on the exclusivity provision of the Act and the trial court's lack of jurisdiction over the matter. Accordingly, the order denying those motions based on the exclusivity provision of the Act is immediately appealable. However, the remaining portion of Parker's 12(b)(6) motion to dismiss is based on Plaintiff's alleged failure to state a claim for negligence against Parker. As this allegation is not based on the exclusivity provision of the Act, the order denying this portion of the motion is not immediately appealable and is therefore dismissed. The trial court's order denying Parker's motion to stay affects his Fifth Amendment privilege against self-incrimination and is immediately appealable.

**B. Motions to Dismiss**

Defendants contend that the trial court erred by denying their Rule 12(b)(1) motions to dismiss and Parker also contends that the trial court erred by denying his Rule 12(b)(6) motion to dismiss because the North Carolina Industrial Commission has exclusive jurisdiction over Plaintiff's claims.

A Rule 12(b)(1) motion to dismiss represents a challenge to the trial court's

subject matter jurisdiction over a plaintiff's claims. N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2022). "Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citation omitted). The trial court "need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998) (quotation marks, brackets, and citations omitted). We review a trial court's order on a Rule 12(b)(1) motion de novo. *Burton v. Phx. Fabricators & Erectors, Inc.*, 194 N.C. App. 779, 782, 670 S.E.2d 581, 583 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citation omitted). We review a trial court's order on a Rule 12(b)(6) motion to dismiss de novo. *Est. of Long v. Fowler*, 378 N.C. 138, 148, 861 S.E.2d 686, 694 (2021).

"The [s]uperior [c]ourt is a court of general jurisdiction and has jurisdiction in all actions for personal injuries caused by negligence, except where its jurisdiction is divested by statute." *Morse v. Curtis*, 276 N.C. 371, 374-75, 172 S.E.2d 495, 498 (1970) (citing N.C. Gen. Stat. § 7A-240) (other citations omitted). "By statute the [s]uperior [c]ourt is divested of original jurisdiction of all actions which come within

the provisions of the [Workers'] Compensation Act." *Id.* at 375, 172 S.E.2d at 498 (citations omitted).

Where an employee and their employer are subject to and have complied with the provisions of the Act, the rights and remedies granted to the employee under the Act exclude all other rights and remedies of the employee. N.C. Gen. Stat. § 97-10.1 (2022). An action comes within the provisions of the Act if: (1) the injury was caused by an accident; (2) the injury was sustained in the course of the employment; and (3) the injury arose out of the employment. *Holliday v. Tropical Nut & Fruit Co.*, 242 N.C. App. 562, 566, 775 S.E.2d 885, 889 (2015). Here, the parties do not dispute that Michelle's death was caused by an accident within the meaning of the Act and that her death was sustained in the course of her employment. The issue before this Court is whether Michelle's death arose out of her employment.

"Arising out of employment relates to the origin or cause of the accident." *Morgan v. Morgan Motor Co.*, 231 N.C. App. 377, 381, 752 S.E.2d 677, 680 (2013) (quotation marks and citation omitted). "The controlling test of whether an injury arises out of the employment is whether the injury is a natural and probable consequence of the nature of the employment." *Id.* (quotation marks and citation omitted). "An injury arises out of the employment if a contributing proximate cause of the injury is a risk to which the employee was exposed because of the nature of the employment, and to which the employee would not have been equally exposed apart from the employment." *Dildy v. MBW Invs., Inc.*, 152 N.C. App. 65, 69, 566 S.E.2d

759, 763 (2002) (quotation marks and citation omitted). "In North Carolina, courts have consistently held that an intentional assault in the work place by a fellow employee or third party is an accident that occurs in the course of employment, but does not arise out of the employment unless a job-related motivation or some other causal relation between the job and the assault exists." *Wake Cnty. Hosp. Sys. v. Safety Nat'l Cas. Corp.*, 127 N.C. App. 33, 39, 487 S.E.2d 789, 792 (1997) (citations omitted). "[I]f one employee assaults another solely under the impulse of anger, or hatred, or revenge, or vindictiveness, not growing out of but entirely foreign to the employment, the injury should be treated as the voluntary act of the assailant and not as one arising out of or incident to the employment." *Harden v. Thomasville Furniture Co.*, 199 N.C. 733, 735-36, 155 S.E. 728, 730 (1930).

In this case, the pleadings and jurisdictional evidence show the following: At approximately 2:30 p.m. on 13 January 2021, Tangela went to the TCS parking lot, retrieved a gun from her car, returned to the factory, and shot Michelle twice in the head at point-blank range. Tangela and Michelle had been involved in two verbal altercations at work prior to that date; the second altercation resulted in a 3-day suspension. The pleadings and jurisdictional evidence do not show a job-related motivation or some other causal relation between the job and Tangela's shooting of Michelle. Michelle's death, although caused by a coworker, is not "a natural and probable consequence of the nature of [Michelle's] employment." *Morgan*, 231 N.C. App. at 381, 752 S.E.2d at 680; *see Jackson v. Timken Co.*, 265 N.C. App. 470, 474,

828 S.E.2d 740, 743 (2019) (holding that plaintiff's injury, resulting from a failure to properly diagnose a stroke he suffered on the job, did not arise out his employment as a grinding machine operator). Stated differently, when Michelle reported to work as a factory worker, she would not have considered being shot twice in the head at point-blank range as a possible consequence of that work. Rather, the shooting arose out of Tangela's personal animosity towards Michelle. *See Harden*, 199 N.C. at 735-36, 155 S.E. at 730.

As Michelle's death did not arise out of her employment with TCS, the Industrial Commission does not have exclusive jurisdiction over the matter. Furthermore, because the Industrial Commission does not have exclusive jurisdiction over the matter, Plaintiff need not have alleged facts sufficient to establish an exception to the Industrial Commission's exclusive jurisdiction under *Pleasant v. Johnson*, 312 N.C. 710, 717, 325 S.E.2d 244, 250 (1985) (holding that an employee may pursue a civil action against a co-employee for willful, wanton, and reckless negligence). Accordingly, the trial court did not err by denying Defendants' motions to dismiss under Rule 12(b)(1) and Parker's motion to dismiss under Rule 12(b)(6).

## C. Motion to Stay

Parker argues that the trial court abused its discretion by denying his motion to stay the proceedings pending the outcome of the criminal case against him stemming from Michelle's death.

We review a trial court's denial of a stay for abuse of discretion. *Peter Millar,*

*LLC v. Shaw's Menswear, Inc.*, 274 N.C. App. 383, 388, 853 S.E.2d 16, 20 (2020). "We do not re-weigh the evidence before the trial court or endeavor to make our own determination of whether a stay should have been granted." *Bryant & Assocs., LLC v. ARC Fin. Servs., LLC*, 238 N.C. App. 1, 4, 767 S.E.2d 87, 90 (2014) (citation omitted). "Instead, mindful not to substitute our judgment in place of the trial court's, we consider only whether the trial court's denial was a patently arbitrary decision, manifestly unsupported by reason." *Muter v. Muter*, 203 N.C. App. 129, 134, 689 S.E.2d 924, 928 (2010) (quotation marks, brackets, and citations omitted).

Here, Parker was charged with felony accessory after the fact for assisting Tangela in absconding to Arizona after she shot Michelle. In denying Parker's motion to stay the proceedings pending the resolution of his criminal case, the trial court found:

> The [c]ourt has considered the [m]otion, the potential prejudice to each of the [p]arties, the interest of the court system in the prompt resolution of all matters, civil and criminal, the equities involved, in particular, the fact that Defendant Parker delayed the criminal proceedings by absconding for some six months.

Parker delayed the proceedings by absconding to Arizona for approximately six months before he was extradited to North Carolina. Any further delay in the proceedings would substantially prejudice Plaintiff's ability to pursue this wrongful death claim. Parker has no absolute right not to be forced to choose between testifying in this matter and asserting his Fifth Amendment privilege. *See Keating*

- 11 -

*v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). We cannot say that the trial court's denial of Parker's motion to stay was a patently arbitrary decision, manifestly unsupported by reason. *Muter*, 203 N.C. App. at 134, 689 S.E.2d at 928.

## III.    Conclusion

The trial court did not err by denying Defendants' Rule 12(b)(1) and 12(b)(6) motions to dismiss to the extent they were based on the exclusivity provision of the Act. Parker's appeal from the denial of his Rule 12(b)(6) motion to the extent it was not based on the exclusivity provision of the Act is dismissed. The trial court did not abuse its discretion by denying Parker's motion to stay. Accordingly, we dismiss in part and affirm in part the trial court's order.

DISMISSED IN PART; AFFIRMED IN PART.

Judges HAMPSON and WOOD concur.