# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

VALERIE NDJE NLEND,

                    Respondent,

    and

RODRIGUE ALAIN NDJE NLEND,

                    Appellant.

No. 84442-3-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Rodrigue Ndje Nlend appeals a King County Superior Court order reinstating a dissolution proceeding initiated by Valerie Ndje Nlend, after the superior court concluded it had erroneously dismissed the matter based on Rodrigue's[1] representation a final divorce had separately been entered in North Carolina. We affirm.

I

Valerie filed a petition for dissolution of her marriage to Rodrigue in King County Superior Court on May 10, 2021. Valerie asserted they had two children together, then ages 12 and 10. Valerie asserted she and the children had resided in Washington from June 2019 to the time of her filing, and Rodrigue had resided in Washington from June 2019 at least through September 2020. She alleged the existence of an action in King County for a domestic violence order for protection.

_____

[1] For clarity we use the parties' first names. We intend no disrespect.

A later filing indicates the superior court had granted an order for protection on November 23, 2020. The order indicated Rodrigue had been personally served and appeared at the hearing. The order imposed restraints on Rodrigue's contact with and conduct toward Valerie and the two children. The court set a trial date for the dissolution of April 11, 2022.

On May 27, 2021, the court entered an order on Valerie's motion permitting service by mail on Rodrigue at an address in Indiana. The address was based on a pro se notice of appearance by Rodrigue in the domestic violence order for protection proceeding.

On September 16, 2021, Rodrigue filed a pro se response to Valerie's petition. The record suggests he may have had to refile certain documents the next day perhaps due to an error in the cause number. The response indicated Valerie did not live in Washington and had been "disingenuous" about an out-of-state relocation. He opposed entry of a parenting plan or child support order on the grounds no party lived in Washington. He indicated he signed the response under penalty of perjury in Seattle, Washington, but stated he would accept legal papers for the case at his address in Indiana. On September 17, 2021, Rodrigue filed a declaration indicating he had at one point resided in Bellevue, Washington, that the children had been enrolled in the Bellevue School District, that they had attended that school district in summer 2021, and that they had been withdrawn from the district. Also on September 17, 2021, Rodrigue filed a declaration asserting, among other things, "the court lacks jurisdiction over the parties as

2

neither the petitioner nor the respondent is a resident of, or domiciled in the State of Washington." Finally, on September 17, 2021, Rodrigue filed a motion to dismiss the petition on the ground Washington lacked jurisdiction over the parties. He attached an e-mail Valerie had sent to a visitation coordinator between September 8, 2021, and September 11, 2021, indicating "we no longer live in Washington State."

On September 24, 2021, the court entered a temporary family law order. It awarded Valerie $5,000 for attorney fees. It ordered that Rodrigue must pay spousal support in the amount of $5,000 per month. In an October 22, 2021 order on Rodrigue's motion for revision of the temporary order, the court overruled Rodrigue's jurisdictional objections, concluding the court had authority to enter support orders because "for a period of time the marital community resided in the State of Washington." The court found Rodrigue was then living in Indiana. In a separate order entered October 22, 2021, the court ordered that Rodrigue pay monthly child support in the amount of $1,004.36 starting August 2021.

On December 17, 2021, the court held a hearing on a motion by Rodrigue to require the children to be returned to Washington. In a written order entered December 17, 2021, the court concluded the children had moved without agreement or a court order, and without proper advance notice. However, the court found it was in the best interests of the children to remain with Valerie, now in North Carolina. The court ordered that the children may remain in North Carolina, ordered disclosure of their address to Rodrigue, and ordered further,

"your client [Rodrigue] has to follow the rules. He better not even think about going to the state of North Carolina or I will enter substantially more severe restraints."[2]

On January 7, 2022, the court entered a parenting plan. On February 17, 2022, the court appointed a guardian ad litem for the children. On March 8, 2022, the court entered a temporary family law order indicating Rodrigue had not timely filed financial information. On March 28, 2022, the court held a contempt hearing. Rodrigue did not appear. A written order on the March 28, 2022 contempt hearing was later entered on June 13, 2022. That order reflected that the court found Rodrigue had not obeyed orders for child support and spousal maintenance. The court noted it had denied Rodrigue's motion to reduce his support obligations. The court entered judgment against Rodrigue for $12,182.52 for past due support and $3,042.49 in attorney fees, and ordered Rodrigue to come into compliance within seven days, among other requirements.

Rodrigue represents in his brief of appellant in this court that he became a North Carolina domiciliary on April 18, 2022. On April 20, 2022, Rodrigue filed an action for divorce in North Carolina. Valerie was served with the papers on April 21, 2022. Valerie responded, asking that the action be dismissed because of the action pending in Washington.

On July 12, 2022, Rodrigue filed in King County Superior Court a "Judgement for Absolute Divorce" issued by a court in North Carolina. He again

---

[2] A transcript of this hearing is not before the court. This statement is based on a declaration later filed by Valerie.

4

seems to have needed to file again the next day due to a case number error. In his filing statement, Rodrigue stated, "[O]nce the divorce has been granted in a given state, divorce related proceedings in any other state are invalid. I consequently as[k] the court, to dismiss" the petition filed in Washington. He indicated the April 16, 2022 trial date had passed without any agreement to change it, and stated the parties at that point all lived in North Carolina. He attached a certified copy of a judgment of divorce by the General Court of Justice of Mecklenburg County, North Carolina, signed June 30, 2022, and stamped filed July 1, 2022. The judgment identified Rodrigue as the plaintiff in that action, Valerie as the defendant, included findings that Valerie had been properly served and was a citizen and resident of North Carolina, and granted an "absolute divorce." On July 21, 2022, the King County Superior Court entered an order dismissing the dissolution action without prejudice and without costs, based on the court "having received notice that appropriate orders have been finalized in North Carolina."

On July 26, 2022, Valerie timely filed a motion for reconsideration. She pointed to the previous hearing in December 2021 concerning the children's residence in North Carolina. She stated the judgment in North Carolina did not "address other issues such as child support, parenting, maintenance, attorney fees, entering financial restraints, or division of debts and assets." Valerie was in the process of filing a motion in North Carolina to vacate the "divorce order," which she asserted "was entered without oral presentation or argument." She stated a

5

hearing had been scheduled in North Carolina on June 13, 2022, she went to the court that day, but could not ascertain whether a decision was being made and was told any orders would be mailed. She received the divorce and child support orders in the mail from Rodrigue on July 10, 2022.

A lawyer representing Valerie in North Carolina provided declaration testimony detailing "three" North Carolina actions that Rodrigue had filed. The lawyer explained Rodrigue's filings had created "three (3) separate case files," which was "not proper procedure." The lawyer indicated the "divorce claim" should have been noted for a hearing, but was not, as a result of which "the Judgment of Divorce was entered in response to a Motion for Summary Judgment and based solely on the pleadings." Under North Carolina law, "claims such as spousal support, equitable distribution (division of marital assets and debts), child custody and child support can stand alone."[3] Further, as long as such claims remain pending, "a divorce judgment does not dismiss these claims." The lawyer anticipated seeking relief under "Rule 60," sanctions, attorney fees, and a stay. Rodrigue's filings in North Carolina represented the children resided with their father and mother in Bellevue, Washington from June 2019 through September 2020, with their mother in Bellevue, Washington from then through August 2021, and thereafter with their mother in Charlotte, North Carolina.

---

[3] In his reply brief of appellant, Rodrigue states he agrees with this explanation of North Carolina law.

6

On August 3, 2022, the King County Superior Court granted reconsideration and vacated its dismissal order. The court concluded, "[T]his court improperly dismissed this action as there was no Notice of Settlement and trial has not been conducted. [Rodrigue] obtaining orders in North Carolina while this action was currently pending and without Washington State relinquishing jurisdiction was inappropriate." The court reset the matter for trial. On September 1, 2022, Rodrigue timely filed a notice of appeal of the August 3, 2022 order.

On October 21, 2022, the superior court entered an order confirming jurisdiction in Washington. The order reflected conferral under RCW 26.27.101[4] between King County Superior Court Judge *pro tempore* Leonid Ponomarchuk and the Honorable Jena Culler of North Carolina District Court for Mecklenburg County. The court ordered, "Washington state shall retain jurisdiction of this matter." On November 7, 2022, the North Carolina Court entered an order vacating the July 1, 2022 judgment of divorce. The court did not base its order on the existence of the Washington litigation. Rather, the court concluded that Valerie had not received proper notice of the June 30, 2022 hearing at which the divorce was granted. The court "retain[ed] jurisdiction over the parties and the cause to enter such other and further Orders as may be required." In his reply brief of appellant, Rodrigue asserts he has sought review of this order by the North Carolina Court of Appeals. On March 17, 2023, Valerie's North Carolina attorney filed a declaration in the King

---

[4] "A court of this state may communicate with a court in another state concerning a proceeding arising under this chapter." RCW 26.27.101(1).

County action stating, "The North Carolina Court has provided its oral ruling that it is staying the divorce proceeding . . . . This will allow Washington State to finalize the divorce matters in Washington." She indicated an intent to file a motion to dismiss a separate matter Rodrigue had filed in North Carolina.

II

Rodrigue first argues the trial court erred by not giving effect to the North Carolina judgment of divorce under the full faith and credit clause consistent with Williams v. North Carolina, 317 U.S. 287, 303, 63 S. Ct. 207, 87 L. Ed. 279 (1942). This argument fails for two reasons. First, the North Carolina judgment has been vacated.[5] There is no current judgment in North Carolina entitled to full faith and credit. Second, even if the judgment of divorce between Rodrigue and Valerie remained current, Valerie and her counsel correctly observe that the judgment on its face did not extend to "spousal support, equitable distribution (division of marital assets and debts), child custody and child support."

In reply, Rodrigue relies on Muter v. Muter, 203 N.C. Ct. App. 129, 689 S.E.2d 924 (2010), as evidence of the willingness of North Carolina courts to entertain certain matters attendant to dissolution parallel with proceedings in other states. In Muter, a wife filed for divorce in Ohio while resident there, seeking spousal support, property distribution, child custody, and child support. Id. at 130. After the Ohio court entered several temporary orders, the husband, resident in

---

[5] The North Carolina court vacated its judgment of divorce on November 7, 2022, which was seven days before Rodrigue filed his Brief of Appellant in this court on November 14, 2022, arguing full faith and credit was due.

North Carolina, filed an action in North Carolina seeking both spousal support and a property distribution. Id. The North Carolina appeal in Muter concerned whether the wife had demonstrated that it would work a substantial injustice on her for the North Carolina court to proceed. Id. at 131-32. Applying several relevant factors under that state's law, the North Carolina Court of Appeals upheld the trial court's ruling she had not made that showing. Id. at 134. Although the court considered each of the governing factors, id. at 132-33, the decision also arose in a context where the wife "did not present any evidence or make any argument addressing the relevant factors," id. at 134.

Rodrigue generally cites Muter for the proposition that North Carolina may—at least in circumstances where an opposing party presents no evidence and no argument—proceed with a parallel divorce proceeding. But he ignores the court's observation that the Ohio courts in Muter continued with the original proceeding. Although the Ohio trial court initially dismissed after the North Carolina trial court entered an "absolute divorce," id. at 131, the Ohio Court of Appeals reversed because "the North Carolina divorce decree did not address the remaining claims between the parties," id. The same was true of the North Carolina judgment of divorce formerly in effect between the parties in this case. Rodrigue points to no proceedings in North Carolina barring Washington's determining appropriate spousal maintenance, child support, and a property distribution, nor at this point, given the order vacating the judgment, the parties' marital status.

Rodrigue emphasizes the North Carolina courts' jurisdiction to determine the marital status of their domiciliaries. But he ignores that the Washington court obtained personal jurisdiction over him as determined by the trial court in orders he has not challenged on appeal. Rodrigue's North Carolina court filings represent that he lived in Washington in the marital relationship from June 2019 through September 2020. A Washington court may exercise in personam jurisdiction even over a nonresident spouse who has lived in Washington in a marital relationship. Oytan v. David-Oytan, 171 Wn. App. 781, 803, 288 P.3d 57 (2012). Rodrigue fails to show the superior court erroneously failed to give required deference to proceedings elsewhere, and therefore fails to show the court erred by continuing with its proceedings.

Rodrigue additionally asserts the trial court erred by setting a new trial date based on the absence of either a notice of settlement or a completed trial. The King County dismissal order was based on the court's assuming that the papers Rodrigue had filed meant that "appropriate orders [had] been finalized in North Carolina." Valerie later showed that the disputes between the parties had not been finalized in North Carolina, and the North Carolina judgment that had granted a divorce has since been vacated. The trial court has discretion to control its own docket. Zurich Servs. Corp. v. Gene Mace Constr., LLC, 26 Wn. App. 2d 10, 30, 526 P.3d 46 (2023). When the court reinstated the case because the parties' disputes had not in fact been finalized, the court appropriately reset the matter for trial.

10

III

Valerie asks that "fees and costs be awarded" to her. She does not provide a basis for reasonable attorney fees compliant with RAP 18.1(b). Accordingly, to the extent Valerie requests reasonable attorney fees the request is denied, but Valerie is awarded statutory costs under RAP 14.2.

We affirm and remand for further proceedings.

_Birk, J._

WE CONCUR:

_Chung, J._                    _Smith, C.J._